VERMONT SUPERIOR COURT

Franklin Unit
17 Church Street
St. Albans VT 05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-05215

| Onsite Properties, LLC et al v. Christine Mead |
|---|

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss; Motion to Amend Complaint ;  (Motion: 2; 3)
Filer:        Matthew M. Glitman; Christine Mead
Filed Date:   February 11, 2026; March 13, 2026

Defendant's motion to dismiss is granted and the motion to amend is denied.

The parties agree that the original notice to terminate in this case was defective.  As a result, the Court dismisses Plaintiff's original claim for ejectment based on a no-cause eviction.

The motion to amend is contested.  Onsite Properties seeks to amend its complaint to add a claim for eviction based on nonpayment of rent.  That cause of action became ripe on March 9, 2026, four days before the motion to amend was filed.

The parties agree that the case that controls the outcome of this motion is is *Andrus v. Dunbar*, 2005 VT 48.  There, the Vermont Supreme Court held that where a "tenancy had not been terminated on the date that the landlord brought the ejectment action," the tenant is entitled to judgment. *Id.* At ¶ 15.  Ms. Mead argues that because the original complaint was filed based on a defective no-cause termination notice that did not effectively terminate her tenancy, the Court lacked jurisdiction over the case from its start and it must be dismissed without amendment.

Plaintiff argues that the complaint contained a separate cause of action that would survive dismissal of the ejectment claim – a claim for breach of contract. Onsite Properties argues that because it has a claim for breach of contract that survives dismissal of the no-cause eviction claim, it can now amend its complaint to add a new claim for eviction.

Ms. Mead's legal arguments under *Andrus* are correct.  If the only claim asserted in the original complaint was for ejectment/possession, then *Andrus* applies and requires dismissal of the claim. As a result, the only question before the Court is whether there was another claim pending at the time the complaint was filed in November.

The Court has copied the relevant part of the complaint below:

5. The Defendant(s) breached the rental agreement with Plaintiff(s) by: _/ written notice_
   __X__ failing to pay rent when due such that $ _2000 Final_ is in arrears;
   __X__ violated the rental agreement as follows: (please explain):
   _Multiple agreements to pay rent and then not_
   _doing so._
   _* Made a Partial 250 Payment for Sept 1 on Sept 26th_
   or __X__ no violation occurred but Plaintiff seeks a no cause eviction pursuant to statute.

6. Plaintiff(s) served the Defendant(s) with a Notice To Vacate the rental premises on _8-30-25_,
   20_25_ which required Defendant(s) to vacate the premises by _Nov 15_ ,20_25_

7. Despite such notice, Defendant(s) refuse(s) to vacate the rental premises.

NOW, THEREFORE, Plaintiff(s) request(s) the following relief (check all that apply):

   A.____ Judgment for Plaintiff(s) in the amount of $_____(back rent); _____(damages);
   _____(costs).
   B. ✓ Order that the Defendant(s) vacate the rental premises owned by Plaintiff(s);
   C. ✓ Issuance of a Writ of Possession;
   D.____ Issue an Order That Defendant(s) Pay Rent Into Court(Motion & Supporting
   Affidavit attached)
   E. Such other relief as the Honorable Court deems just and appropriate.

This complaint does not contain counts or claims that are meaningfully separated from each other. In paragraph 5, the complaint alleges multiple breaches of the rental agreement and a claim for no cause eviction. The challenge for the Court is that a breach of a rental agreement can be a claim for breach of contract or it can be a claim for ejectment/possession. As a result, the Court looks to the remedies Onsite Properties elected at the bottom of the complaint to understand what the complaint alleges.

Critically, Plaintiff did not seek money damages. It sought the remedy of ejectment and the writ of possession that is required for that remedy. Ejectment and a writ of possession are not a remedy available under a claim for breach of contract.

Based on a reading of the complaint as a whole, the Court finds that it alleged only claims for ejectment/possession. As a result, the Court lacked jurisdiction over the case at the time it was filed because the tenancy had not been properly terminated. _Andrus v. Dunbar_, 2005 VT 48, ¶ 15. The Court denies the motion to amend and dismisses this case in its entirety.

ORDER

For the reasons explained above, the motion to dismiss is granted and the motion to amend is denied.

Electronically signed on April 16, 2026, pursuant to V.R.E.F. 9(d).

Navah C. Spero
Superior Court Judge